UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREA PIZZICONI, | ) | 3:23-CV-01080 (KAD) |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORMAN GRAY, | ) | |
| SHERMAN 695, LLC, | ) | |
| CARLTON HIGHSMITH, | ) | |
| DMITRY KRAVTSOZ, | ) | December 4, 2025 |
| A DONALD JANEZIC, | ) | |
| MARIA GRAY, | ) | |
| TYLER FLOYD, | ) | |
| VANESSA RESEARCH HOLDINGS, | ) | |
| INC., | ) | |
| LORNA GRAY, and | ) | |
| TREVIRA BOATRIGHT, | ) | |
|    *Defendants*. | | |

**MEMORANDUM OF DECISION**
**RE: Motion to Dismiss Counterclaim (ECF No. 215)**

Kari A. Dooley, United States District Judge:

      This case arises out of an alleged multi-faceted scheme to defraud Plaintiff Andrea Pizziconi ("Pizziconi" or "Plaintiff") out of more than $1 million. The alleged architect of the scheme, Defendant Norman Gray ("Gray" or "Norman Gray"), proceeding *pro se*,[1] brings a counterclaim against Pizziconi, also proceeding *pro se*, which does not identify a specific statute or cause of action, but instead, makes a series of vague accusations and allegations which suggest that Pizziconi committed fraud against him and Vanessa Research Holdings, Inc. ("Vanessa Research" or "Vanessa"). Pizziconi filed a motion to dismiss the counterclaim for failure to state

---

[1] Gray is presently incarcerated after having been convicted in the Southern District of New York on a charge of wire fraud arising out of the fraudulent conduct which is the basis for Pizziconi's complaint here. *See generally United States v. Gray*, No. 21-CR-713 (PAE), 2024 WL 4627566 (S.D.N.Y. Oct. 30, 2024).

1

a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 215.  Gray has not filed any opposition.  For the reasons that follow, Pizziconi's motion to dismiss is GRANTED.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the pleading contains "factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [an opposing party] has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth.  *Iqbal*, 556 U.S. at 678.  Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor."  *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).  "Rule 12(b) applies equally to claims, counterclaims, cross-claims and third-party claims, and . . . motion[s] to dismiss . . . [cross-claims] are evaluated under these same standards."  *Wine Enthusiast, Inc. v. Vinotemp Int'l Corp.*, 317 F. Supp. 3d 795, 800 (S.D.N.Y. 2018) (internal citation omitted).

**Discussion**

The Court assumes familiarity with the allegations in the pleadings, as well as the underlying history of this litigation, as summarized in the Court's Order of August 22, 2025, granting in part Plaintiff's motion for prejudgment remedy (PJR) against Norman Gray and motion

for default judgment against Sherman 695, LLC.  *See* ECF No. 229; *Pizziconi v. Gray*, No. 3:23-CV-1080 (KAD), 2025 WL 2432673 (D. Conn. Aug. 22, 2025).[2]

***Rule 8***

Fed. R. Civ. P. 8 provides, in relevant part, that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The "principal function" of the pleading requirements embodied in Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  When a complaint does not comply with Rule 8's requirements, "the court has the power, on its own initiative . . . to dismiss the complaint." *Id*. "The key to Rule 8(a)'s requirements is whether adequate notice is given." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).  "[F]air notice [is] that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Id.* (internal quotation marks omitted). Rule 8 requires a party to "disclose sufficient information to permit the [adverse party] 'to have a fair understanding of what [they are] complaining about and to *know whether there is a legal basis for recovery*.'" *Kittay v. Kornstein,* 230 F. 3d 531, 541 (2d Cir. 2000) (emphasis added) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).  For these reasons, dismissal

---

[2] On November 24, 2025, Gray filed a Notice of Interlocutory Appeal, ECF No. 264, of the Court's denial of his motion for reconsideration regarding the PJR order, ECF No. 255.  In that order, the Court denied the motion for reconsideration on the grounds that it was untimely and that Gray's argument that he was not adequately apprised of the PJR proceedings was without merit.  ECF No. 255.  This notice of interlocutory appeal does not strip the Court of jurisdiction to decide the present motion.  "An interlocutory appeal, unless frivolous, generally divests the district court of jurisdiction *respecting the issues raised and decided in the order on appeal*." *United States v. Brennan*, 385 F. Supp. 3d 205, 207 (W.D.N.Y. 2019) (quotations and alteration omitted) (emphasis added); *see also United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996).  The matters decided in the Court's order on the motion for reconsideration—namely, the PJR order, Gray's notice of the PJR proceedings, and his timeliness under Local Rule 7—have no bearing on Plaintiff's motion to dismiss the Counterclaim.  In other words, even if the Second Circuit were to vacate the Court's denial of Gray's motion for reconsideration, that decision would not affect the Court's decision on Plaintiff's motion to dismiss.  Therefore, the Court may take up Plaintiff's motion to dismiss now.

can be appropriate when a complaint is so "confusing as to 'overwhelm the [adverse party's] ability to understand or to mount a defense.'" *Warner Bros. Ent. Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 269 (S.D.N.Y. 2007) (quoting *Wynder*, 360 F.3d at 80).  Although the Court must afford *pro se* litigants special solicitude, they "are still required to comply with the Federal Rules of Civil Procedure, which includes Rule 8."  *Owens v. Connecticut*, 771 F. Supp. 3d 92, 94 (D. Conn. 2025).

With these standards in mind, the Court easily concludes that the Counterclaim should be dismissed.  The allegations are wholly conclusory or utterly irrelevant to the issues raised in this litigation.  Nor can the Court discern any allegations that give rise to actionable conduct.  Indeed, much of the Counterclaim is a rambling counternarrative to the allegations in the Second Amended Complaint ("SAC"), and perhaps the indictment by which he was charged.  By way of example, Gray denies that he promised Pizziconi a 2% stake in Vanessa Research.  *See* Countercl., ECF No. 187, ¶¶ 51–53.  He also denies that he promised to provide her with a bridge loan to finance the purchasing of her condominium, *see id.* ¶¶ 70–71, 74, and that he sent her a forged mortgage acceptance document from a fake company, *see id.* ¶¶ 76–77.  A defendant may assert their denials of a plaintiff's allegations and their counterclaims against a plaintiff in the same filing, but the answer portion of the pleading must comply with Rule 8(b),[3] and the counterclaim portion of the document must comply with Rule 8(a), discussed above.  Here, the Counterclaim does not purport to be an answer to the SAC, and indeed, the Court recently extended Gray's time period within which to file an answer to December 3, 2025.  *See* ECF No. 256.

---

[3] Rule 8(b) provides that "[i]n responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party," Fed. R. Civ. P. 8(b)(1), and the denials "must fairly respond to the substance of the allegation," Fed. R. Civ. P. 8(b)(2).

4

The Counterclaim fails to identify any statute under which Gray brings claims against Pizziconi, nor does it identify any common-law cause of action that he is attempting to assert against Pizziconi. In a section labeled "Claims," Gray makes multiple, unactionable allegations, such as: "Pizziconi was verbose and uncontrollably domineering in her conversations," and "Pizziconi orchestrated a news article using the same language as the indictment." Countercl. at 14, ¶¶ 1, 10. Even if proven true, these allegations do not give rise to a legal cause of action or liability on the part of Pizziconi. Indeed, as Plaintiff correctly points out in her opposition, the Counterclaim reads more as a "narrative account of [Gray's] relationship with Plaintiff, containing numerous conclusory allegations but generally failing to state any recognizable legal causes of action that he is in a position to advance." Opp'n, ECF No. 215, ¶ 10. Because Gray does not clearly identify any cognizable causes of action, statutory or otherwise, the Counterclaim does not comply with Rule 8(a) and must be dismissed under Rule 12(b)(6). *See Davis v. Stop & Shop Supermarket*, No. 18-CV-1279 (KAD), 2019 WL 2191244, at *1 (D. Conn. May 21, 2019) ("Although a *pro se* complaint must be liberally construed to raise the strongest arguments it may suggest, *pro se* litigants are nonetheless obligated to comply with the minimal standards of notice pleading under Rule 8." (citation omitted)).

### *Rule 9*

Even if the Court were to scour the list of "Claims" in the Counterclaim for any possible legally cognizable cause of action, the only potential claim that Gray might be trying to advance is one of common-law fraud against Pizziconi. *See* Countercl. at 14, ¶ 5 ("Pizziconi willfully defraud[ed] VR by not revealing the truth about her past business failures in Ghana and other projects."). But in order to state a fraud claim, the Counterclaim must comply with the even more rigorous pleading requirements of Rule 9(b). "Fed. R. Civ. P. 9(b) sets forth additional pleading

5

standards with respect to allegations of fraud." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001). Rule 9(b) states, in relevant part: "In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "To satisfy this requirement [a party] must (1) specify the statements that the [party] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012) (internal quotation marks omitted).

Having failed to meet the pleading requirements of Rule 8, it is a foregone conclusion that the Counterclaim fails to meet the particularity requirement of Rule 9(b). First, the Counterclaim largely fails to specify the statements that Gray contends were fraudulent. Although Gray repeatedly alleges in broad strokes that Pizziconi's "claims turned out to be untrue," Countercl. ¶ 23, or that "she worked to destroy [Vanessa Research] with false allegations of fraud, sexual harassment, being racist, sexist and anything else she could conjure," *id.* at 14, ¶ 6, such conclusory allegations of fraud do not satisfy Rule 9's particularity requirement. *See, e.g.*, *E. Point Sys., Inc. v. Maxim*, No. 3:13-CV-215 (VLB), 2014 WL 523632, at *6 (D. Conn. Feb. 7, 2014) (dismissing fraud counterclaim where counterclaimants "made conclusory assertions of generalized misrepresentations"); *see also Errato v. Am. Express Co.*, 646 F. Supp. 3d 402, 411 (D. Conn. 2022).

Where Gray does provide specific factual allegations that could give rise to a fraud claim, he fails to identify where and when those statements were made. As an example, the Counterclaim seems to assert that Pizziconi lied about her involvement in a project with another company in Ghana. *See* Countercl. ¶¶ 21–23; *id.* at 14, ¶ 5.[4] But the Counterclaim does not provide details as

---

[4] Specifically, the Counterclaim alleges that Pizziconi "related stories of her conflict with the University of Ghana, very similar to the claims against VR. She claimed that she planned a project with the University and the

6

to where and when Pizziconi told Gray about the Ghana project, and, for that matter, what specifically she represented to him about her involvement in the project.  Further, the Counterclaim only states in a conclusory manner that Pizziconi's representations about the Ghana project "turned out to be untrue," *id.* ¶ 23, without ever explaining how they were untrue.  The allegations about Pizziconi inflating her resume fail for the same reasons: Gray claims multiple times that Pizziconi boasted about her fundraising abilities and "name dropped" numerous public figures, *see id.* ¶¶ 21–28, 65, but again, details about what Pizziconi allegedly said, when she said it, and where, are absent, as are allegations about why those statements were false.  And finally, the Counterclaim's allegations that Pizziconi somehow misrepresented Gray's intentions at Vanessa Research board meetings also lack the requisite particularity under Rule 9.  Gray claims that at a management meeting, "Pizziconi declared to the team that she was the Chief Investment Officer and that she was a member of the Board.  She claimed that Gray had approved both roles," which Gray denies.  *Id.* ¶¶ 51–52.  But once again, there is no information as to when or where these alleged misrepresentations took place, other than at "[t]he next management meeting."  *Id.*  In sum, the Counterclaim wholly fails to state a claim for fraud with particularity under Rule 9, and thus, it must be dismissed.

### *Relief on Behalf of Vanessa Research*

The Counterclaim also fails for another reason.  Gray appears to primarily, if not solely, seek relief on behalf of Vanessa Research, and not on behalf of himself.  At the end of the Counterclaim, Gray seeks the following relief:

---

project failed to go to completion.  She said she was marginalized by the male dominated University's elite.  She claimed that because she was a '. . . white American woman . . .' she was sexually harassed, sexually seduced and sexually discriminated.  She boasted that she had a litigation against the University."  Countercl. ¶ 22.  The Counterclaim then states: "These claims turned out to be untrue as Highsmith explained what really happened later in the year."  *Id.* ¶ 23.  In the "Claims" section of the Counterclaim, Gray alleges that "Pizziconi willfully defraud[ed] VR by not revealing the truth about her past business failures in Ghana and other projects."  *Id.* at 14, ¶ 5.

7

> 1. Pizziconi[] be ordered to compensate VR for the loss of its funding in November 2021 caused by her fraudulent acts against the company;
> 2. Pizziconi[] be ordered to pay damages to VR and Gray; damages will be calculated at a later date;
> 3. Pizziconi relinquish her 80,000 VR share certificates;
> 4. Pizziconi be made to apologize to VR, its team and Gray;
> 5. Pizziconi cease and desist from making any disparaging remarks about VR, its team, its business and Gray;
> 6. Pizziconi be made to pay for her culpable and intentional acts that ha[ve] caused grave damages to VR, its team and Gray; . . . .

*Id.* at 15. Putting aside the question of whether these forms of relief would even available, most of these injuries and forms of relief are clearly asserted on behalf of Vanessa Research. Gray seeks Pizziconi to compensate *Vanessa Research* (and not Gray himself) for injuries caused by her allegedly fraudulent acts *against Vanessa*. *Id.*; *see also id.* at 14, ¶ 5 (alleging that "Pizziconi willfully defraud[ed] VR"). He asks that Pizziconi "relinquish" her shares in Vanessa Research, presumably so they can return to Vanessa. The fact that Gray seeks relief on behalf of Vanessa is further underscored by the Counterclaim itself, in which Gray continuously asserts alleged harms and injuries that *Vanessa* suffered as a result of Pizziconi's actions. *E.g.*, *id.* ¶¶ 92–94 (alleging that Pizziconi attempted to manipulate Vanessa's share price); *id.* at 13 (alleging that Pizziconi orchestrated a front-page article in a local newspaper about Gray and Vanessa, which "ultimately hurt the company and its effort to raise funds"); *id.* ¶ 8 (alleging that "Pizziconi orchestrated and deliberately planned the disruption of [Vanessa's] legitimate fund raise efforts being negotiated by [Vanessa's] corporate lawyers").

Consistently, Gray has attempted to represent Vanessa Research and to assert claims on its behalf. Repeatedly, he has been rebuffed in these efforts. Indeed, Gray has been warned multiple times that, as a *pro se* litigant who is not an attorney, he cannot represent Vanessa Research or any of the corporate entities in this case. *See* ECF No. 85, 114, 115, 181. Vanessa Research is represented by capable counsel in this litigation. Nor can he recover for himself damages for

injuries that Vanessa allegedly suffered. Therefore, to the extent the Counterclaim seeks relief on behalf of Vanessa Research, the Court also dismisses the Counterclaim on that basis.

### *Leave to Amend*

Fed. R. Civ. P. 15(a)(2) instructs that leave to amend should be freely given, but the Court may deny it for good cause, including, *inter alia*, "when amendment would be futile." *Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 252 (D. Conn. 2016) (quotation marks omitted). The Court finds that it is appropriate to deny Norman Gray leave to amend the Counterclaim because any such amendment would be futile. In the entirety of the 16-page Counterclaim, consisting of over 100 paragraphs, Gray was unable to identify a single cognizable cause of action against Pizziconi, nor was he able to provide any factual allegations that could, with further development of the record, give rise to a fraud claim. Further, Gray did not file any opposition or response to Plaintiff's motion to dismiss the Counterclaim,[5] nor did he seek leave to amend his Counterclaim, provide any clarifications, or respond to any of the inadequacies that Plaintiff identified in her motion to dismiss.

"In the absence of a specific request for leave to amend in the event of a Rule 9(b) dismissal, *see Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir.2001), or circumstances to suggest that a[n] [amendment] could cure the defects identified," *Donchatz v. HSBC Bank USA, N.A.*, No. 14-CV-194 (JTC), 2015 WL 860760, at *11 n.5 (W.D.N.Y. Feb. 27, 2015), *aff'd*, 648 F. App'x 158 (2d Cir. 2016), it is appropriate to dismiss the Counterclaim with prejudice and without leave to amend.

---

[5] Gray recently filed a "motion for summary judgment" on his Counterclaim, ECF No. 261, in which he claimed that Plaintiff has failed to file an answer. But Plaintiff's present motion to dismiss is her response to the Counterclaim, and it was timely filed. *See* ECF No. 228. Further, Gray was plainly aware of Plaintiff's motion to dismiss, as he filed a motion to strike it, ECF No. 225, which the Court denied on August 21, 2025. ECF No. 228. He still chose not to respond to Plaintiff's motion to dismiss.

**Conclusion**

For the foregoing reasons, Plaintiff's motion to dismiss (ECF No. 215) is GRANTED. Defendant Norman Gray is denied leave to amend and replead his Counterclaim. Further, Defendant Norman Gray's motion for summary judgment of the Counterclaim (ECF No. 261) is denied as moot, in light of this order.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of December, 2025.

                           /s/ Kari A. Dooley
                           KARI A. DOOLEY
                           UNITED STATES DISTRICT JUDGE