UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREA PIZZICONI,<br>    *Plaintiff*, | )  3:23-CV-01080 (KAD)<br>)<br>) |
| v. | )<br>) |
| NORMAN GRAY,<br>SHERMAN 695, LLC,<br>CARLTON HIGHSMITH,<br>DMITRY KRAVTSOZ,<br>A DONALD JANEZIC,<br>MARIA GRAY,<br>TYLER FLOYD,<br>VANESSA RESEARCH HOLDINGS, INC.,<br>LORNA GRAY, and<br>TREVIRA BOATRIGHT,<br>    *Defendants*. | )<br>)<br>)<br>)  December 8, 2025<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF DECISION**
**RE: Motion to Dismiss (ECF No. 220)**

Kari A. Dooley, United States District Judge:

*Pro se* Plaintiff Andrea Pizziconi ("Plaintiff" or "Pizziconi") brought this action against multiple Defendants, including, as relevant here, Lorna Gray ("Lorna Gray" or "L. Gray"), Norman Gray ("Norman Gray" or "N. Gray"), and Vanessa Research Holdings, Inc. ("Vanessa Research"). Plaintiff alleges that Norman Gray, in his role as CEO of Vanessa Research, conducted a multi-faceted scheme to defraud her out of more than $1 million. Plaintiff further alleges that Lorna Gray unjustly benefited from this fraud when Norman Gray paid off her personal credit card debt using the proceeds from the fraud. Lorna Gray moved to dismiss the only claim against her, Count 24 of the Second Amended Complaint (SAC). Plaintiff opposes the motion. For the reasons that following, the motion to dismiss is GRANTED.

1

**Allegations and Procedural History**

The Court assumes the parties' familiarity with the voluminous allegations presented in the SAC, as summarized in the Court's Order of August 22, 2025, granting in part Plaintiff's motion for prejudgment remedy against Norman Gray and motion for default judgment against Sherman 695, LLC. *See* ECF No. 229; *Pizziconi v. Gray*, No. 3:23-CV-1080 (KAD), 2025 WL 2432673 (D. Conn. Aug. 22, 2025). Thus, the Court only recites those facts and allegations that are relevant to Lorna Gray's motion to dismiss. For the purposes of the motion to dismiss, these allegations are deemed admitted. *See A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 35 F.4th 913, 916 n.4 (2d Cir. 2022).

Lorna Gray is an individual residing in Connecticut. SAC, ECF No. 151, ¶ 11. She was previously married to Norman Gray. *Id.* The SAC alleges that between August and November 2020, Norman Gray, while he was CEO of Vanessa Research, orchestrated a scheme to defraud Plaintiff out of more than $1.4 million. *Id.* ¶ 1; *see Pizziconi*, 2025 WL 2432673, at *3–4. On November 30, 2021, a grand jury in the Southern District of New York (SDNY) returned an indictment against Norman Gray for one count of wire fraud in violation of 18 U.S.C. § 1343. *See United States v. Norman Gray*, Dkt. No. 1:21-CR-713-PAE-1 (S.D.N.Y.), ECF No. 2. The SDNY thereafter brought forth a superseding indictment on March 18, 2024. *See generally* Superseding Indictment ("S1 Indictment"), Dkt. No. 1:21-CR-713-PAE-1 (S.D.N.Y.), ECF No. 90, ¶ 13. On May 29, 2024, following a seven-day jury trial, Norman Gray was found guilty of wire fraud based on the scheme to defraud Pizziconi out of $1.4 million. *United States v. Gray*, No. 21-CR-713 (PAE), 2024 WL 4627566, at *1 (S.D.N.Y. Oct. 30, 2024).

The allegations against Lorna Gray in the SAC are sparse. The SAC alleges that, of the $1.4 million that was stolen from Pizziconi, Norman Gray used more than $171,000 to pay off

credit card balances for himself and other Gray family members. SAC ¶ 105. The SAC asserts that $28,000 of Lorna Gray's personal credit card balance was paid off using those stolen funds. *Id.* ¶ 378. This was established at Norman Gray's criminal trial, at which Lorna Gray was present.[1] *Id.* ¶ 379. Thus, the SAC alleges that Lorna Gray was unjustly enriched in the amount of $28,000, and that she was aware that those funds were stolen from Plaintiff through fraud. *Id.* ¶ 381.

On August 14, 2023, Pizziconi instituted this action against multiple defendants, to include Norman Gray, Sherman 695, Carlton Highsmith, Dmitry Kravtsoz, A. Donald Janezic, Maria Gray, Tyler Floyd, and Vanessa Research Holdings, Inc. ECF No. 1. On January 23, 2025, Plaintiff filed the Second Amended Complaint (SAC), which is the operative complaint, and added defendants Trevira Boatright and Lorna Gray. ECF No. 151. Against L. Gray, Plaintiff asserts only a claim of unjust enrichment (Count 24). L. Gray now moves to dismiss Count 24 under Rule 12(b)(1), asserting that this Court lacks subject matter jurisdiction over this claim. Mot. to Dismiss, ECF No. 220.

**Standard of Review**

The standard that governs a motion to dismiss under Rule 12(b)(1) is well established. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The appropriate analysis for a facial challenge to subject matter jurisdiction, as is made here, is similar to that required under Rule 12(b)(6). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it . . ., the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether,

---

[1] Although she is not required to do so, Plaintiff did not attach to the SAC any of the exhibits from the criminal trial that purportedly demonstrated L. Gray's benefit deriving from use of the stolen funds.

3

after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56–57. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

**Discussion**

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Federal courts have subject matter jurisdiction only over matters in which a federal question is raised or where there is diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists only where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff invokes this Court's diversity jurisdiction as she is a citizen of New York and none of the Defendants are citizens of New York. SAC ¶ 13. Lorna Gray moves to dismiss under Rule 12(b)(1) on the basis that Plaintiff has failed to assert an amount in controversy over $75,000, a prerequisite to the invocation of the Court's diversity jurisdiction. Mem. of Law, ECF No. 220-1, at 1. The Court agrees.

"This jurisdictional threshold amount is ordinarily established by the face of the complaint and the dollar-amount actually claimed." *Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 200 (D. Conn. 2015). In cases with multiple defendants, a plaintiff generally cannot aggregate claims against separate defendants to satisfy the amount in controversy requirement. 15A Moore's Federal Practice § 102.108(2); *see Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 870, 874 (S.D.N.Y. 1995) (collecting cases). An exception to this rule is when a plaintiff's claims

4

against the defendants "are common and undivided so that the defendant's liability is properly characterized as joint and not several." 15A Moore's Federal Practice § 102.108(2); *see Grayson v. Williams*, No. 19-CV-5303 (MKB), 2019 WL 5788325, at * (E.D.N.Y. Nov. 6, 2019) ("A plaintiff may satisfy the jurisdictional minimum by aggregating claims against multiple defendants when their liability is common, undivided, or joint." (quotation omitted)); *Rubin v. Mangan*, No. 21-CV-1401 (NGG), 2021 WL 5281347, at *3 (E.D.N.Y. Nov. 12, 2021) (same). "By contrast, when defendants' liabilities are several and distinct, the amount in controversy threshold must be met with respect to each and every individual defendant regardless of whether the claims are temporally proximate or factually interrelated." *Nastasi v. Lari*, No. 15-CV-6066 (SIL), 2017 WL 943935, at *3 (E.D.N.Y. Mar. 9, 2017).

As to the claims against Lorna Gray, the amount in controversy threshold is clearly not met. Plaintiff brings a single unjust enrichment claim against Lorna Gray in Count 24. The SAC alleges that L. Gray was unjustly enriched in the amount of $28,000 when N. Gray paid off that amount of her personal credit card balance with funds stolen from Plaintiff. SAC ¶ 378. Plaintiff does not allege that L. Gray benefited in any other way from the fraud, and thus, her damages are clearly limited to the amount of the alleged unjust enrichment ($28,000). *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (the amount in controversy "is established by the face of the complaint and the dollar amount actually claimed").

Nor can Plaintiff aggregate her claims to satisfy the amount in controversy because liability between L. Gray and the other defendants is not common, undivided, or joint. "Joint and several liability is appropriate whenever a plaintiff can establish that each defendant acted in concert to produce a single, indivisible injury." *Fed. Trade Comm'n v. Day Pacer LLC*, 125 F.4th 791, 812 (7th Cir. 2025). Plaintiff does not allege that L. Gray was involved in the underlying fraud

orchestrated by N. Gray, or that she acted affirmatively in concert with N. Gray to orchestrate or carry out the fraud that resulted in Plaintiff's damages. *See, e.g.*, *Nastasi*, 2017 WL 943935, at *3 ("[T]here is no assertion that the Piwkos are jointly liable for any of the damages attributed to Lari beyond the $35,000 that she allegedly transferred to them [because] [t]here are no allegations that the Piwkos acted affirmatively, with malice, or had any meeting of the minds with Defendant regarding the transfer of the funds or any of Lari's other allegedly tortious conduct."). Nor are there any allegations that L. Gray "aided and abetted" N. Gray's fraud, which might also produce joint and several liability. *See Amusement Indus., Inc. v. Midland Ave. Assocs., LLC*, 820 F. Supp. 2d 510, 526 (S.D.N.Y. 2011) (amount in controversy satisfied where defendants were alleged to have aided and abetted in conversion).

In her opposition, Plaintiff provides two affidavits purporting to show that L. Gray had actual knowledge going back to 2009 of N. Gray's alleged "criminal propensity for committing fraud." Brock Aff., ECF No. 247-2. As a result, she argues, L. Gray is also liable for statutory theft under Conn. Gen. Stat. § 52-564, which provides for treble damages and attorney's fees, and thus, could potentially satisfy the amount in controversy. Pl.'s Opp'n, ECF No. 247, at 3. As Defendant correctly observes in her reply, Plaintiff essentially "seeks impermissibly to enlarge the value of her unjust enrichment claim by recasting it as a statutory theft claim so that it just exceeds the amount in controversy threshold." Reply, ECF No. 251, at 1. But a plaintiff cannot amend the complaint in a memorandum in response to a dispositive motion. *See Auguste v. Dep't of Corrs.*, 424 F. Supp. 2d 363, 368 (D. Conn. 2006). And there is nothing in the affidavits that would bolster or increase the amount of damages Plaintiff asserts in her existing claim of unjust enrichment. Thus, Plaintiff's argument is unpersuasive.[2]

---

[2] Although not properly pled, it is utterly unclear how knowledge in 2009 of a *propensity* on the part of Norman Gray for committing fraud, transforms the credit card payment at issue into statutory theft *by Lorna Gray*.

*Supplemental Jurisdiction*

Defendant Lorna Gray also argues that the Court cannot exercise supplemental jurisdiction over Count 24 because such an exercise is barred by 28 U.S.C. § 1367(b).  Mem. of Law at 4.  She is correct.  Section 1367(b) prohibits the exercise of supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."  "The purpose of Section 1367(b) is to prevent 'plaintiffs [from being able] to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis.'"  *Metro Found. Contractors, Inc. v. Arch Ins. Co.*, 498 F. App'x 98, 101–02 (2d Cir. 2012) (summary order) (quoting *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 727 (2d Cir. 2000)).  And therefore, "§ 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 560 (2005).  Lorna Gray was permissively joined as a defendant under Rule 20.  *See* Mot. to Amend, ECF No. 147, at 3.  Thus, because the Court does not have subject matter jurisdiction over the claim against her under § 1332, the Court is prohibited from exercising supplemental jurisdiction over Plaintiff's claim against L. Gray under § 1367(b).

*Leave to Amend*

Fed. R. Civ. P. 15(a)(2) instructs that leave to amend should be freely given, but the Court may deny it for good cause, including, *inter alia*, "when amendment would be futile."  *Omotosho*

---

The argument is, however, consistent with the Plaintiff's demonstrated litigation strategy of casting the liability net as wide and as far as legal theory might possibly permit.

*v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 252 (D. Conn. 2016) (quotation marks omitted). The Court finds that it is appropriate to deny Plaintiff leave to amend her claim against Lorna Gray because any such amendment would be futile.

Plaintiff, through new affidavits, now argues that she can state a claim for statutory theft against Lorna Gray because she had actual knowledge of "Norman's conviction for fraud[,] [t]he evidence presented about Norman's fraudulent methods and conduct[,] [and] Norman's criminal propensity for committing fraud." Brock Aff. ¶ 13. However, similar to the SAC, these affidavits do not claim that L. Gray was involved in the fraud against Pizziconi in anyway, and the Court is doubtful that L. Gray's knowledge of N. Gray's prior conviction for fraud, standing alone, can convert a claim for unjust enrichment into one for statutory theft. *See supra* at n.2; *Gross v. Intratek Comput. Inc.*, No. 22-CV-7440 (GRB), 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) ("Where a complaint has been dismissed for lack of subject matter jurisdiction, denial of leave to amend on the basis of futility may be appropriate." (citing *Rahim v. Sec'y, Establishment Div., Gov't of People's Republic of Bangl.*, 481 F. App'x 18, 19 (2d Cir. 2012))). And since the conviction in the SDNY post-dated the payment of the credit card balance, it is axiomatic that L. Gray's knowledge of N. Gray's recent conviction cannot be the basis for, or even relevant to, any statutory theft claim.

Further, the SAC is the third version of the complaint in this case, and the Court has already granted Plaintiff leave to amend her complaint twice, *see* ECF Nos. 107, 150, the second of which resulted in Lorna Gray being added as a defendant, ECF No. 150. As Defendant notes in reply, "Plaintiff clearly understood what must be proven to assert statutory theft when she amended her complaint to include the unjust enrichment count against Defendant Lorna Gray, because she included statutory theft claims against Norman Gray and Sherman 695." Reply at 3. But Plaintiff

8

chose not to bring such a claim against Lorna Gray.  This further supports a denial of leave to amend.

**Conclusion**

For the foregoing reasons, Defendant Lorna Gray's motion to dismiss (ECF No. 220) is GRANTED.  Because the Court does not have subject matter jurisdiction over Plaintiff's claim against Lorna Gray, the Court's dismissal of this claim is without prejudice to Plaintiff's ability to re-file that claim in a Connecticut state court of competent jurisdiction.[3]  However, Plaintiff is denied leave to amend and replead against Lorna Gray in this Court.  The Clerk of Court is directed to terminate Defendant Lorna Gray as a party.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of December, 2025.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[3] *See Mayes v. Griffin Hosp.*, No. 3:20-CV-1700 (CSH), 2021 WL 3795335, at *3 (D. Conn. Aug. 26, 2021).