**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANDREA PIZZICONI, | ) | 3:23-CV-01080 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORMAN GRAY, | ) | |
| SHERMAN 695, LLC, | ) | |
| CARLTON HIGHSMITH, | ) | |
| DMITRY KRAVTSOV, | ) | March 19, 2026 |
| A DONALD JANEZIC, | ) | |
| MARIA GRAY, | ) | |
| TYLER FLOYD, | ) | |
| VANESSA RESEARCH HOLDINGS, | ) | |
| INC., | ) | |
| and TREVIRA BOATRIGHT, | ) | |
| *Defendants*. | ) | |

**RULING ON APPLICATION FOR PREJUDGMENT REMEDY**
**[ECF No. 354]**

Kari A. Dooley, United States District Judge:

Pending before the Court is Plaintiff Andrea Pizziconi's ("Plaintiff" or "Pizziconi") Emergency Motion for Prejudgment Remedy against Defendant Vanessa Research Holdings (the "PJR Motion" or the "Motion").[1]  On February 25, 2026, Plaintiff filed the PJR Motion with an attached memorandum of law, declaration in support, and exhibits.  *See* PJR Mot., ECF No. 354. Plaintiff seeks a prejudgment remedy in the amount of $5,041,985.56, as well as the attachment of Vanessa's patents and any proceeds from the sale thereof.  In the alternative, she seeks an order enjoining the court-appointed receiver (the "Receiver") of Vanessa, appointed in the District of Delaware, *Tuscasa Gestion S.L. v. Vanessa Research Holdings, Inc.*, Dkt. No. 1:24-CV-1399

---

[1] The Court assumes familiarity with the allegations in the pleadings, as well as the underlying history of this litigation, as summarized in the Court's Order of August 22, 2025, granting in part Plaintiff's motion for prejudgment remedy (PJR) against Norman Gray and motion for default judgment against Sherman 695, LLC.  *See* ECF No. 229; *Pizziconi v. Gray*, No. 3:23-CV-1080 (KAD), 2025 WL 2432673 (D. Conn. Aug. 22, 2025).

(MN) (D. Del.), from disbursing or transferring any proceeds from the auction of Vanessa's patents, which took place between March 9 and March 11, 2026.

On March 4, 2026, Vanessa filed an opposition to the PJR Motion.  PJR Opp'n, ECF No. 363.  The Court held a hearing on the PJR Motion on March 6, 2026.  ECF No. 381.  The Court heard arguments regarding the propriety of the relief sought given the procedural posture of this case, as well as argument on the merits of the Motion.  As stated on the record, in deciding the PJR Motion, the Court takes judicial notice of the proceedings in the District of Delaware, *see Tuscasa Gestion S.L. v. Vanessa Research Holdings, Inc.*, Dkt. No. 1:24-CV-1399 (MN) (D. Del.), as well as Pizziconi's appeal of the Delaware court's order in that case to the Third Circuit, *see Tuscasa Gestion v. Vanessa Research Holdings*, Dkt. No. 26-1449 (3d Cir.).  The Court has also preliminarily reviewed Plaintiff's currently pending motion for summary judgment, ECF No. 295, which is now fully briefed, ECF No. 348, 355 (the "MSJ Motion").

In federal court, "throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed. R. Civ. P. 64(a).  Accordingly, this Court can issue a prejudgment remedy pursuant to Conn. Gen. Stat. §§ 52-278a et seq.  Under that statute, "[a] prejudgment remedy is available upon a finding by the court that "there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff. . . ." *TES Franchising, LLC v. Feldman*, 286 Conn. 132, 137 (2008) (quoting Conn. Gen. Stat. § 52-278d(a)(1)).  Probable cause requires less proof than that which is required for a fair preponderance of the evidence.  *Id.* at 137.

Without opining as to the merits of the PJR Motion or the pending motion for summary judgment, the Court concludes that it is appropriate to deny the PJR Motion on procedural grounds under the present circumstances. First and foremost, adjudicating a PJR Motion at this very late stage of the litigation would be incredibly inefficient and a waste of judicial resources. Courts possess "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). Courts also have "broad discretion to deny or grant a prejudgment remedy." *State v. Ham*, 253 Conn. 566 (2000). Plaintiff's motion for summary judgment against Vanessa, which would be fully dispositive as to liability, is now fully briefed. The standard to award a prejudgment remedy (probable cause) is significantly lower than the standard to grant summary judgment (no genuine dispute of material fact). And the parties both rely on their briefing for the MSJ Motion in their briefing for the PJR Motion. *See, e.g.*, PJR Opp'n, ECF No. 363, at 1 n.1 (incorporating arguments raised in Vanessa's opposition to the MSJ Motion). Clearly, there is significant (if not complete) overlap between the PJR Motion and the MSJ Motion. Thus, if the Court were to adjudicate the PJR Motion now, it would simply be making a non-binding determination regarding Vanessa's liability, before undertaking to resolve the MSJ Motion through which Plaintiff seeks a binding determination on the same issues. *See First Equity Grp., Inc. v. Culver*, No. 3:08-CV-1893 (VLB), 2009 WL 353490, at *5 (D. Conn. Feb. 11, 2009) ("[P]rejudgment remedy proceedings are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of the adjudication. They are only concerned with whether and to what extent the plaintiff is entitled to have the property of the defendant held in the custody of the law pending adjudication of the merits of the action." (quotation omitted)). It is therefore not expedient or particularly useful for the Court to address the PJR Motion while a substantively

3

identical motion for summary judgment is fully briefed and pending.  *Cf. Jordan v. Gifford*, No. 3:19-CV-1628 (CSH), 2023 WL 2895883, at *9 (D. Conn. Apr. 11, 2023) (denying motion for prejudgment remedy after summary judgment had been denied and case was trial-ready).

Second, Plaintiff was candid (which the Court appreciates) at the hearing that her efforts in seeking a PJR are designed to further her objectives in the Delaware litigation.  Indeed, Plaintiff asks this Court to direct the Receiver in Delaware to "segregate and hold all auction proceeds up to $5,041,985.56 pending resolution of this application."  PJR Mot., ECF No. 354, at 1.  She also seeks a temporary restraining order against Vanessa, "enjoining it from cooperating in, executing, or facilitating any transfer of [the patent] unless and until auction proceeds up to $5,041,985.56 are first deposited into a segregated escrow account pending this Court's final ruling."  *Id.* at 6. As the Court stated during the hearing, it would not interfere with the proceedings in the Delaware District Court or the Third Circuit.  Any challenges to or issues with Vanessa's receivership, the auction of Vanessa's patent, or the distribution of the proceeds therefrom, are properly brought before the Delaware District Court (as Plaintiff has seemingly done).  So, to the extent that the PJR Motion seeks an Order that would interfere with the Delaware action, it is properly denied for this reason as well.

Finally, in reviewing the proceedings in the Delaware District Court and the Third Circuit, it appears that Plaintiff's purported interest in Vanessa is, for now, protected and secured. Connecticut courts have advised that "a plaintiff may be entitled to a prejudgment remedy because it has demonstrated the requisite probable cause, but it may still be denied the remedy if its interest is already adequately secured."  *Blakeslee Arpaia Chapman, Inc. v. El Constructors, Inc.*, 32 Conn. App. 118, 131 (1993).  Vanessa is currently under court-ordered receivership, where all its assets (including the proceeds from the patent auction) are under control of the Receiver and the

Delaware District Court.  As the Third Circuit recently noted, in a summary order denying Pizziconi's appeal, "even after the [patent] auction, the [Delaware] District Court will remain able to adjudicate competing claims (including [Pizziconi's]) before [Pizziconi] would suffer any irreparable harm." *Tuscasa Gestion v. Vanessa Research Holdings*, Dkt. No. 26-1449 (3d Cir.), at Dkt. Entry No. 8.

For all of the foregoing reasons, the Emergency Motion for Prejudgment Remedy against Vanessa Research Holdings, ECF No. 354, is DENIED.  In addition, the Court recently granted Plaintiff's motion to provide simultaneous supplemental memoranda on the PJR Motion by March 20, 2026, which Plaintiff has already filed.  ECF No. 387, 389, 391.  The Court will consider the supplemental briefing in adjudicating the pending motion for summary judgment.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of March, 2026.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE